**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL GARCIA,

Defendant-Appellant.

No.    22-50106

DC No. 2:21-cr-00365-JFW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 18, 2023
Pasadena, California

Before:    TASHIMA and H.A. THOMAS, Circuit Judges, and RAKOFF,[**]
District Judge.

Defendant-Appellant Daniel Garcia appeals from the judgment entered

following his conditional guilty plea to one count of possession with intent to

distribute methamphetamine in violation of 21 U.S.C. § 841.  Defendant contends

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

that the district court erred in denying his motion to suppress evidence and abused its discretion in denying his request for an evidentiary hearing on his motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for the holding of an evidentiary hearing.

The district court's denial of Defendant's motion to suppress evidence is based on its finding that Officer Timlin saw a methamphetamine bong in plain sight on the back seat of Defendant's car when he first approached the car. However, the body camera footage supports Defendant's contention that the bong was not in plain sight on the back seat. The district court accordingly abused its discretion in failing to conduct an evidentiary hearing on the motion to suppress. *See United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015) (reviewing the failure to hold an evidentiary hearing for abuse of discretion).

As Defendant argues, when Officer Timlin opened the left rear passenger door and shone a flashlight into the car, his body camera footage does not show any bong visible on the rear seat. Holding a flashlight in his right hand, Timlin uses his left hand to search a bag that is on the left passenger seat. He then leans further into the car, and there is the sound of a compartment opening that sounds like the center console in the rear seat, but because the camera is at Timlin's chest height, this footage does not show what Timlin is doing. Timlin then uses his left

2

hand to place a bong on the passenger seat next to the bag he just finished searching. Based on Timlin's body camera footage, there did not appear to be a bong visible to Timlin when he first peered in the window. Instead, the video supports Defendant's contention that Timlin discovered the bong when he opened the rear seat center console, after which he placed the bong next to the bag. Defendant accordingly has sufficiently established that "contested issues of fact exist." *Cook*, 808 F.3d at 1201 (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)). Under these circumstances, the district court abused its discretion in failing to conduct an evidentiary hearing on the motion to suppress. *Id.*

Because everything that followed the initial traffic stop was based on Timlin's statement that the bong was in plain sight, we reverse the denial of the motion to suppress and remand for an evidentiary hearing.[1]

**REVERSED and REMANDED.**

---

[1] In light of our remand, we do not address Defendant's arguments regarding the scope of the traffic stop, the frisk, the alleged consent to the search, the alleged violation of Defendant's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and the search warrant.